ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248

Attorney for Plaintiff
Javier Valencia

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| JAVIER VALENCIA, on his own behalf and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br><br>FRENCH CONNECTION BAKERY INC. DBA COCOLA BAKERY, AMIRALI AMINI ALIABADI, SOUDABEH ALIABADI & DOES 1 THOUGHT 10<br><br>　　　　Defendants | Case No.: C08-0996 PVT<br><br>PLAINTIFF'S CASE MANAGEMENT STATEMENT |

Having unsuccessfully contacted Defendants' counsel for a Joint Case Management Statement, Plaintiff files his separate Case Management Conference Statement in accordance with the Standing Order for All Judges of the Northern District of California as follows.

**1.     JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiff's' claims are the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the First Amended Complaint. There are no pending issues regarding personal jurisdiction or venue.  Plaintiff Javier Valencia was employed as a baker for Defendant French Connection Bakery Inc. during the four years period prior to the filing of his Complaint.  In this action, Plaintiff, on his own behalf and on behalf of others similarly situated, seeks overtime and other wage and hour claims against Defendants under the authority of both federal and California law.

The principal factual issues in dispute are:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**
Valencia v. French Connection Bakery Inc., et al.

　　　　　　　　　　　　　　　　　　1　　　　　　　　　　　C08-0996 PVT

1.  Whether and to what extent Plaintiff and other putative members have not been paid overtime to which they are entitled;

2.  Whether and to what extent Plaintiff and other putative members were not provided with meal and break periods in accordance with state and federal law.

3.  Whether Plaintiff and other putative members' time records accurately reflect the actual number of hours worked.

**2.    LEGAL ISSUES**

Whether the burden-shifting scheme under *Anderson v. Mt. Clements Pottery Co.* 328 U.S. 680 (1946) applies in this case.

**3.    MOTIONS**

Plaintiff anticipates bringing a motion for partial summary judgment on the issue of liability and damages, as well as a motion for attorney's fees.

**4.    AMENDMENT OF PLEADINGS**

No amendment is anticipated at this time.

**5.    EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored evidence and have taken steps to do so.

**6.    DISCLOSURES**

Plaintiff will serve his Initial Disclosures on June 24, 2008.

**7.    DISCOVERY**

Plaintiff anticipates to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**8.    CLASS ACTIONS**

Plaintiff provides the following statement in compliance with Local Rule 16-9(b).

---

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**
Valencia v. French Connection Bakery Inc., et al.

                           1                    C08-0996 PVT

  (1) The class action for claims under California law is maintained under Fed. R. Civ. P. 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(3). This class action insofar as claims under the FLSA are asserted is maintainable under 29 U.S.C. § 216(b), as distinct from Fed. R. Civ. P. 23.

  (2) Plaintiff proposes two separate classes:

a) FLSA claims: All non-exempt hourly workers who worked for Defendant commencing at any time since three years before the filing of this action; (the "FLSA Class").

b) California claims: Hourly workers who worked for Defendant in California commencing at any time since four years before the filing of this action; (the "California Class"). A sub-class of California Class consists of all hourly workers whose employment with Defendant terminated at any time in three years before the filing of this case ("California § 203 Class").

  Depending upon further investigation and the results of discovery, Plaintiff may seek to modify these class definitions. Moreover, further discovery may justify elaboration on the form of Defendants' failure to provide employee benefits such that added classes are appropriate.

  (3) Plaintiff is a member of the Federal Class, as well as the California Class and, like other members, were not paid overtime pay and were not provided required meal breaks in violation of the FLSA and California labor law. While Plaintiffs are unable to state the exact number of either class without access to records within Defendants' possession, Plaintiff believes that the California Class and the Federal Class exceed 30 members.

  Plaintiff alleges that common questions of law and fact predominate in this case. For example, the class members' rights insofar as this action is concerned arise from the Defendants' uniform payroll practice of paying straight time only, applicable to all non-exempt hourly workers. In light of the commonality of the sources of the putative class members' rights, individual adjudications harbor the possibility of inconsistent adjudications. Plaintiff has no conflicts of interest and will fairly and adequately represent both classes. Plaintiff is not aware of any other pending litigation concerning the claims asserted herein nor of any difficulties that should be encountered in the management of this litigation as a class action.

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**
Valencia v. French Connection Bakery Inc., et al.

(4) Plaintiff plans to file motions for the Court to consider class certification no later than November 30, 2008, though Plaintiffs may file such motions sooner.

Defendants dispute all allegations concerning class status.

**9.  RELATED CASES**

There is one related cases pending before this Court:  Valencia v. French Connection Baker Inc. (C07-1118PVT).  This Court has issued an Order to Show Cause Why Cares Should Not Be Consolidated.  Plaintiff opposes to the consolidation citing the strong public interest ensuring the workers to be paid promptly.  Plaintiff in the related case has asked the Court to permit him to file a motion for summary judgment, and requests that in the event the Court finds the interest of economic use of the Court's resources outweighs the Plaintiff's interest in prompt payment for his wages, the Court not consolidate the cases if the related case C08-1118 PVT is disposed of by Plaintiff's summary judgment motion.  This would allow Plaintiff in related case C08-1118PVT to obtain a judgment in the event he prevails in his motion for summary judgment in that case.

Defendants support the consolidation.

**10.  RELIEF**

Plaintiff seeks unspecified monetary relief and injuctive relief.

**11.  SETTLEMENT AND ADR**

The parties have participated in the court-sponsored mediation in the related case, and had had subsequent settlement discussions.   It had become clear to counsel for both Plaintiff and Defendants that no further settlement process would productive and that this case would have to be resolved by litigation.

**12.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to the assignment of this to a magistrate judge for all further proceedings.

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**
Valencia v. French Connection Bakery Inc., et al.

1                                  C08-0996 PVT

**13.   OTHER REFERENCES**

Plaintiff contends that this case is not suitable for a binding arbitration and does not agree on any other reference.

**14.   NARROWING OF ISSUES**

A motion for summary judgment by Plaintiff in the related case C07-1118PVT would resolve a critical issue of whether the time cards maintained by the Defendants for Plaintiff and putative members would hold the waters. If Plaintiff prevails in his motion for summary judgment in that case, that ruling would bind on Defendants in this case via the doctrine of *res judicata*. As such, the issues involved in this case would be substantially narrowed.

**15.   EXPEDITED SCHEDULE**

Plaintiff does not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures, provided that sufficient time is allowed for appropriate discovery.

**16.   SCHEDULING**

Plaintiff summits their respective proposed schedules and request the Court to adopt it as follows:

(a)   Fact discovery cutoff on February 27, 2009;

(b)   Expert reports March 27, 2009;

(c)   Expert rebuttal reports April 17, 2009;

(d)   Expert Discovery Cutoff May 16, 2008;

(e)   Last day of hearing on dispositive motion on July 15, 2009;

(f)   The parties agree to meet and confer concerning any modifications to this plan.

Plaintiff requests bench trial and expect length of trial of 7 court days.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has no one to report.

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**
Valencia v. French Connection Bakery Inc., et al.

18. **OTHER MATTERS**

None.

DATED: June 19, 2008

By: /s/ Adam Wang
ADAM WANG
Attorneys for Plaintiff

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**
Valencia v. French Connection Bakery Inc., et al.

1                           C08-0996 PVT